## The Township of PITT *v.* MALCOLM LEECH.

1. An order on a township treasurer, signed *by* one supervisor, and *for* the other one, who could not write, by a person having authority from him to sign for him, being in other respects correctly issued, was properly received in evidence; it being left to the jury to determine whether the supervisor, who could not write, authorized or ratified the signature for him.

2. Although orders drawn by supervisors on township treasurers ought not to be sued until payment is demanded at the treasury, this Court will not reverse for a failure to make such demand, where that fact was not strictly in issue.

ERROR to the District Court of Allegheny.

*Sept.* 18. This was an action on the case by Malcolm Leech against the township of Pitt, wherein he sought to recover the amount of two orders or warrants, purporting to be drawn March 6, 1846, by Wm. McDonald and Jared M. Brush, supervisors, upon the treasurer of the township, in favour of M. Leech & Co. or bearer; the one, for $44.75 to be charged to the poor account

of the township, the other, for $184.93 to the road account—both with interest from February 17, 1846. Both orders were attested by Thomas A. Rowley, township clerk. The *narr.* averred presentation to the treasurer, and refusal of payment. The defendant pleaded non assumpsit—that the supervisors did not make or draw the said orders—and that the same were without consideration, and fraudulent. ~

Upon the trial, Rowley testified that he was the clerk of the township in 1846; that these orders were signed by him. He proved who the supervisors were, and the signature of Brush; and testified that the signature of McDonald was signed by him by McD.'s authority, and that he always signed for McD. under a general authority for that purpose. On cross-examination he testified that McD. could not write, and authorized him to sign his name; that he did not know if McD. was present when he signed these orders or not; that he was ordered to issue these warrants in place of small ones, for which these two were given. The small ones were destroyed.

The warrants were then offered in evidence and their admission was objected to, but they were admitted by the Court, who said it was a fact for the jury to say whether McD. was present when the orders were signed, whether he agreed to them or to the signing of them, or whether he subsequently ratified them. To the admission of these warrants in evidence the defendant excepted.

The defendant produced McD. as a witness, who testified that he never gave Rowley authority to issue warrants to Leech & Co.; that he never was consulted by Rowley about these warrants before or after they were issued; that he could not recollect all the warrants issued; that he gave Rowley a general authority to sign warrants.

The plaintiff gave in evidence, as rebutting, an entry in the warrant books of the township, which is contained in the opinion of this Court. A witness heard McD. tell Rowley he had better issue new warrants to persons who were threatening to sue because they did not get interest on the old ones, and save costs.

In their charge to the jury the Court reserved the point whether a demand prior to suit brought on a warrant or order of this kind was necessary. Verdict for plaintiff for $271.02, and afterwards judgment for the plaintiff on the reserved point; HEPBURN, President, delivering the following opinion:

"In this case, the orders, on which suit is brought, are the acts

of the officers of the municipal corporation, by which they acknow-
ledge the justice of the plaintiff's claim and order its payment, and
are more in the nature of promissory notes than of checks or bills
of exchange. It is the mode of payment for townships, and pointed
out by Act of Assembly, and I do not well see how the law mer-
chant can be applied to them;. the whole is the act of Pitt town-
ship, and when the acceptor is also the drawer, even in bills and
notes, no notice of dishonour is required: Bank *v.* Fulmer, 3 Barr,
399; Taylor *v.* Young, 3 Watts, 344.

"The treasurer could not have brought suit upon this bill if he
had paid it, nor would notice of its dishonour have rendered the
supervisors personally responsible; the whole liability was that of
the township, and demand or notice would neither have increased
nor diminished that liability. It is said, however, in an English
case, Byles on Bills, 83, that though the absence of demand be no
defence, yet if the acceptor or maker pay after action brought,
without any previous demand, it seems the Court would take the
question of costs into consideration. We may not have power, per-
haps, to do this; but if the defendants had averred in their plead-
ings that they were at all times ready to have paid the order on
presentment, and that no such presentment had been made, and
accompanied this with payment of the money into court, I would
suppose the plaintiff might have difficulty in recovering. But in
this case the defence was on different ground, having nothing to do
with the demand on the treasurer; and the demand not being
necessary, I think the plaintiff is entitled to judgment upon the
verdict."

The errors assigned here were—

1. The admission of the order in evidence.

2. The decision upon the reserved point, and entering judgment
on the verdict.

*Williams* and *Shinn*, for the plaintiff in error.

1. These warrants were not authenticated as having issued under
authority of the township. They were signed *by* one supervisor, and
*for* another, under a general authority. They were issued under
direction of the auditors, who had no authority.

Supervisors have no powers but such as are expressly conferred
by statute or necessarily implied. They cannot receive and cancel
old warrants and issue new ones in lieu of them, bearing interest.
Act relating to county rates, &c., § 25 *et seq.*, Dunlop, 557; Act

relating to counties, &c., §§ 3, 4, 90 to 96, Dunlop, 566; Act Feb. 28, 1835, § 7, Dunlop, 583; Road Act, § 27, Dunlop, 638.

But, conceding that power, it was an act requiring judgment, and could only be lawfully done at a meeting of the board.    McCready v. Poor Guardians, 9 S. & R. 94; Cooper v. Lampeter Township, 8 Watts, 125; Shortz v. Unangst, 3 W. & S. 45; Chad's Ford Turnpike, 5 Binn. 48.

Supervisor cannot delegate his authority, nor will his subsequent ratification of an act, done in his name, without authority, give it validity so as to make the township liable.

2. Orders like these, payable on demand, must be presented in a reasonable time; this is necessary for the protection of the public. Especially is this so where, as here, the orders are not drawn in the regular routine of duty.

By the Act of 1844, P. L. 85, § 2, relating to this township, supervisors cannot incur debt beyond income. If such orders can be held indefinitely, without presentment, any amount of debt may be created.

But the township is not liable to pay these orders, until payment has been demanded, according to their tenor, from the treasurer. It would be unjust to subject a township to costs on every such order, without affording it an opportunity of payment. Act March 22, 1817, § 1, Suits by or against corporations, Dunlop, 269. This Act includes all corporations: Turnpike Co. v. Cullen, 8 S. & R. 517; Sch. Nav. Co. v. Thomas, 13 S. & R. 431. That the action cannot be maintained against a corporation like this, without presentment: Bayley on Bills, c. 7, § 1, p. 219; Varner v. Noble-borough, 2 Greenleaf's Rep. 121. The plaintiff averred presentment, and was bound to prove it.

*Sawyer*, contrà.

1. Rowley's authority to sign for McDonald was a question of fact. The township auditors had passed on the old warrant held by Leech & Co., and the amount for which the new ones were to issue was found by them.    There was then no judgment required of the supervisors; there was no new responsibility incurred.    Their act is merely ministerial.    One supervisor by his act may bind the township: Arthurs v. Ridgway, Pa. Law Rep.

2. Where drawer and drawee are the same party, presentment is not necessary: Story on Bills, c. x., § 310, 313; Gowan v. Jackson, 20 Johns. 176; Chitty on Bills, c. 9, § 361; 4 Johns. 483; 17

Johns. 248; 8 Cowan, 271. Even where it has been averred unnecessarily: Chitty, 651; and an issue upon such an averment is immaterial: Ruggler *v.* Patten, 8 Mass. R. 480.

The opinion of this Court was delivered by

BURNSIDE, J.—The first error complained of is that the warrants or orders of the supervisors should not have been admitted in evidence; because they were not properly authenticated, as having issued under the authority of Pitt township. They were certainly sufficiently proved to go to the jury. They were shown to be signed by Brush, one of the supervisors, and the name of McDonald, the other supervisor, who could neither read nor write, was written by Rowley, the clerk, and proof given of McDonald's authority to Rowley to sign for him. The warrants were attested by the clerk, and duly entered and charged to the township in the warrant books, having been drawn on consultation with the township auditors. The Court properly received them in evidence, and submitted the question to the jury to determine whether McDonald authorized or ratified the signing of the warrants.

The second error complained of is that the plaintiff, having omitted to prove the presentation of these orders to the treasurer of the township, before suit brought, is not entitled to recover. This question was raised by the counsel in the argument to the Court, and the Court reserved it. On consideration they gave judgment for the plaintiff under the special circumstances and on the whole evidence. We cannot say this was error. It was in evidence that the plaintiff, in the course of his business as a grocer, received from time to time the warrants of the township in favour of labourers and others, which the township was unable to pay. Leech applied to the supervisors for the orders in question, wishing larger orders, for the amount the township owed him, bearing interest, and which they were unable to pay. The supervisors declined acting until the township auditors were consulted. On the 6th March, 1846, the auditors and the supervisors met, and on the advice of the auditors the orders in question were drawn and given to the plaintiff, and all the small orders were lifted and destroyed. The plaintiff gave in, as rebutting evidence, the warrant books of Pitt township—in which, in the poor account, is the following marginal entry, "No. 4, March 6, 1846. Warrant issued to M. Leech & Co., with interest, Feb. 17, $44.75;" and in the road account the following—"No. 9, March 6, 1846. Warrant issued to M.

D

Leech & Co., with interest from Feb. 17, $184.94." This suit was not brought until February Term, 1848, more than two years after this special arrangement was made. The evidence is clear that the township was largely indebted and unable to pay. It did not offer to pay the interest at any time, due on these orders. The township pleaded—1. That they did not undertake or promise to pay; 2. That the supervisors of Pitt township did not make or draw the orders; and 3. That the orders were without consideration and fraudulent. These were the issues the jury was sworn to determine. Although we think orders of this kind, drawn by counties and townships, ought not to be sued until payment is demanded at the treasury, here it is manifest this township was neither able nor willing to pay; and even if the omission and delay on the part of the township to provide for the payment of either interest or principal of this debt, would not excuse the failure to make such demand, we will not reverse on a ground not strictly in issue. If the citizens of this township want their finances improved, they will elect supervisors that can read and write, and that will provide for the payment of their just debts without litigation.

Judgment affirmed.